JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Eric Scheumann*


BRADFORD J. JERBIC, ESQ.
Nevada Bar No.: 1056
JACK O. ESLINGER, ESQ.
Nevada Bar No.: 8443
JAMES B. LEWIS, ESQ.
Nevada Bar No.: 6395
CITY OF LAS VEGAS
495 South Main Street, Sixth Floor
Las Vegas, Nevada 89101

Attorneys for Defendant
*City of Las Vegas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC SCHEUMANN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-01772-JCM-NJK<br><br>**STIPULATION AND JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND ORDER** |

Plaintiff ERIC SCHEUMANN (herein "Plaintiff"), and CITY OF LAS VEGAS (herein "CLV"), by and through their attorneys of record, hereby jointly move for an order approving the

1

settlement agreement in this action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (requiring court approval of the terms of a settlement under the Fair Labor Standards Act).

This Motion is based on the accompanying Memorandum of Points and Authorities, and on such other and further evidence as may be presented at or before any required hearing in this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff's Complaint seeks damages for alleged failure to pay overtime in violation of the Fair Labor Standards Act and related state law claims. Defendant denies any wrongdoing or that it owes Plaintiff any compensation, overtime wages, or associated penalties. However, in order to avoid the burdens, costs, and uncertainty of litigation, the parties have reached a settlement agreement. The parties engaged in arms-length settlement negotiations with a neutral arbitrator, Honorable Peggy Leen (Ret), to reach the settlement. The settlement is fair, reasonable and satisfactory to both sides and was approved by the City Council of Las Vegas on February 5, 2020.

Accordingly, the parties request that the Court approve their settlement, the terms of which are set forth more fully in the settlement agreement attached in **Exhibit 1**.

### I. **STATEMENT OF PERTINENT FACTS**

Plaintiff began his employment with CLV in 2002. Plaintiff is a non-exempt employee and still employed with CLV as a Fire Engineer. Plaintiff alleged in this Action that he worked either unreported or under-reported overtime beginning March 2014 until December 13, 2017. Plaintiff filed this Action on September 12, 2018. CLV denies all allegations set forth in the Complaint.

The parties engaged in the discovery process including, but not limited to, producing over 110,000 documents and taking depositions. Near the end of the process a dispute arose that

threatened to substantially protract the litigation and likely cost several hundred thousand dollars to resolve. Mutually, the parties agreed to engage the assistance of a third-party mediator to move the case towards settlement or in the alternative resolve the discovery dispute.

The parties engaged in all day mediation with the Honorable Peggy Leen (Ret.). With the assistance of Judge Leen, the parties negotiated a settlement addressing all material terms. On February 5, 2020, the CLV City Council approved the agreed upon settlement amount.

## II. <u>LEGAL ANALYSIS</u>

### A. This Court Is Authorized To Approve The Settlement.

Some courts have held that to ensure that an employer is relieved of liability in the context of a negotiated FLSA settlement agreement, the agreement must either be supervised by the Secretary of Labor or be approved by the District Court. *See, e.g., Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007) (citing *Lynn's Food*, 679 F.2d at 1352-55).

When an employee brings a private action for back wages pursuant to the FLSA, and thereafter presents to the Court a proposed settlement, the court is advised to review the settlement for fairness, compromise over issues, such as computation of back wages that are actually in dispute," a court should approve it in order to promote the policy of encouraging settlement over protracted litigation. *Id.* at 1354. The Court's role in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). This requires a balancing of factors that may include,

some or all of the following:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The degree of importance attached to each factor is determined by the nature of the claims, the type of relief sought, and the facts and circumstances of each case. *See Officers for Justice*, 688 F.2d at 625.

**B. The Court Should Approve The Parties' Settlement Agreements Because They Are Fair and Reasonable.**

Here, Plaintiff pleaded claims under the FLSA and the NRS. The parties have agreed to settle Plaintiff's claims, as set forth more fully in the settlement agreement attached as **Exhibit 1**, and there are no class claims in this action.

The settlement agreement represents a fair and equitable resolution of this matter. The parties agree that the terms of the settlement agreement will bestow substantial benefits to Plaintiff, especially in light of the uncertainty regarding Plaintiff's recovery. Liability was a contested issue, with Defendants strongly disputing Plaintiff's arguments. Further, the settlement is fair and reasonable given the substantial risk of further litigation. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of a settlement." *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The parties had significant and complex legal and factual disputes and how, in the event Plaintiff prevailed on liability, any damages should be calculated, and whether the alleged violations were willful.

The settlement is fair and reasonable given that at all times Plaintiff has been adequately represented by counsel with significant experience in wage and hour litigation, and there are no

class claims in this litigation. The parties engaged in meaningful discovery including producing over 110,000 documents and taking depositions. The parties mutually agreed to employee the service of a third-party mediator to help come to a fair and reasonable resolution which was then approved the City of Las Vegas' City Council on February 5, 2020.

### III. The Settlement Terms.

Because of the risks facing all parties in continuing to litigate this dispute, the Parties have agreed to settle Plaintiff's claims, including those claims under the FLSA, on the following terms, including but not limited to:

1. Defendant agrees to pay Plaintiff a gross settlement amount of $560,000.00. The amount includes, without limitation, payment to Plaintiff for alleged lost wages, including overtime work, performed in any day (if applicable) and/or in any workweek. The settlement amount also includes payment of attorneys' fees and costs.

2. Defendant's denial of liability or wrongdoing under the FLSA, any state statutes, and all other applicable law or agreements.

3. Plaintiff and Defendant agreement to dismiss Plaintiff's claim with prejudice after receipt of the settlement amount.

Accordingly, the terms are fair and reasonable.

## IV. Conclusion.

For the foregoing reasons, the parties respectfully request that the Court find that the settlement represents fair and equitable resolution of this action and enter the proposed Order Granting Joint Motion to Approve Settlement Agreements, herein attached as **Exhibit 2**.

Dated this 24th day of June 2020.

| KEMP & KEMP | CITY OF LAS VEGAS |
|---|---|
| */s/*    Victoria L. Neal | */s/*    Jack O. Eslinger |
| Victoria L. Neal, Bar No. 13382 | Bradford J. Jerbic, Bar No. 1056 |
| James P. Kemp, Bar No. 6375 | Jack O. Eslinger, Bar No. 8443 |
| 7435 W. Azure Drive, Ste. 110 | James B. Lewis, Bar No. 6395 |
| Las Vegas, Nevada 89130 | 495 South Main Street, Sixth Floor |
| | Las Vegas, Nevada 89101 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Eric Scheumann* | *City of Las Vegas* |

# EXHIBIT 1

# EXECUTED SETTLEMENT AGREEMENT

# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "**Agreement**") made as of December 12, 2019, is entered into by and between Eric Scheumann ("**Scheumann**"), an individual, on one hand, and the City of Las Vegas ("**City**"), a political subdivision of the State of Nevada, on the other hand. Scheumann and the City shall hereinafter collectively be referred to as the "Parties," or individually as the "Party."

### WITNESSETH:

**WHEREAS**, on or about September 12, 2018, a lawsuit was filed in the District Court of Nevada styled <u>Eric Scheumann v. City of Las Vegas</u>, Case No. 2:18-cv-01775-JCM-NJK (the "**Action**"). Scheumann filed an amended Complaint on or about May 15, 2019. In the Action, Scheumann alleges that the City failed to compensate him for hours he worked, primarily on the Apparatus Committee for Las Vegas Fire and Rescue.

**WHEREAS**, the City denies any liability and wrongdoing to Scheumann as alleged in the Action.

**WHEREAS**, the City and Scheumann agree there are unresolved, legitimate issues of law and fact including but not limited to the definition of the work week during the hours Scheumann worked on the Fire Apparatus Committee, whether Scheumann is entitled to compensation under the call-back provisions of the Collective Bargaining Agreement between the City of Las Vegas and IAFF Local 1285 as well as the total number of hours Scheumann alleges he worked.

**WHEREAS**, the Parties desire to resolve and settle all disputes and controversies known and unknown, between and amongst them arising out of and/or relating to the Action.

**NOW, THEREFORE**, for and in consideration of the mutual promises herein contained including the recitals set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, the Parties hereto agree as follows:

1. **Settlement Terms.** Subject to the terms of this Agreement, the Parties agree to a gross Settlement Amount of Five Hundred Sixty Thousand Dollars ($560,000.00), which shall pay as follows:

    a. Two Hundred Forty Thousand Dollars and 00/100 ($240,000.00) for unpaid overtime shall be used by the City to purchase NV PERS service credit on behalf of Mr. Scheumann, on a pre-tax basis;

    b. Two Hundred Forty Thousand Dollars and 00/100 ($240,000.00) in a check made payable to "Eric Scheumann" for liquidated damages which shall be reported on a form 1099, and from which no taxes shall be withheld;

    c. Eighty Thousand Dollars ($80,000.00) in a single check made payable to Scheumann's counsel, Kemp & Kemp, for attorneys' fees, which shall be reported on a form 1099, and from which no taxes shall be withheld. Scheumann and Kemp

1

& Kemp shall both receive a 1099 for this amount.

The above payments shall be within 15 days of approval by the City of Las Vegas City Council at their February 5, 2020, meeting, the approval of the United Stated District Court of the District of Nevada, and the receipt of the fully executed copy of this Agreement.

Scheumann shall be solely responsible for paying any amounts due to any governmental taxing authority as a result of the Settlement Amount. Scheumann acknowledges and agrees he has the sole responsibility for the payment of any employee taxes, interest, or penalties arising from the Settlement Amount. The City of Las Vegas makes no representation as to the taxability of the Settlement Amount. Scheumann agrees to indemnify, defend (with counsel reasonably acceptable to the City of Las Vegas and at Scheumann's sole cost and expense), and hold harmless the City of Las Vegas in the event that any governmental taxing authority asserts against the City of Las Vegas any claim for unpaid taxes, failure to withhold taxes, penalties or interest based upon the allocation and payment of the Settlement Amount. The only amounts for which the City of Las Vegas will be responsible, if any, are any claims or demands by any governmental taxing authority for employer taxes on the Settlement Amount.

2. **Stipulation of Dismissal With Prejudice**. Within five (5) business days after receipt of the Settlement Payment, Plaintiff shall file a Stipulation for Dismissal With Prejudice with the United States District Court, District of Nevada Court Clerk whereby the entire Action is dismissed with prejudice as to all parties.

    a. **Release**. Upon exchange of a fully executed copy of this Agreement, Scheumann, on behalf of himself, his respective affiliates, natural parents, agents, representatives, heirs, executors, predecessors, insurers, branches, officers, directors, managers, shareholder, attorneys, successors and assigns, and all those acting by or through him, agree to release, waive, and forever discharge the City, and its respective affiliates, agents representatives, heirs, executors, predecessors, successors, insurers, branches, affiliates, members, agents, officers, directors, managers, shareholders, employees, city council members, contractors, successors and assigns, and all those acting by or through it, from any and all past, present or future liabilities, charges, claims, causes of action or suits, of whatever kind or nature, in law or equity, whether based on tort, contract or other theory of recovery, whether known or unknown, suspected or asserted, mature or unmatured, accrued or unaccrued, direct or indirect, absolute, contingent, unliquidated or otherwise, including, but not limited to, any rights, obligations or claims, arising out of the Action.

Notwithstanding the above or anything else in this Agreement, the parties acknowledge and agree that any release encompassed in this Agreement is for the Action only and does not affect or in any manner limit Eric Scheumann's ability to pursue any claims or causes of action emanating from the underlying factual allegations upon which Mr. Scheumann's Charges of Discrimination and Retaliation (Nevada Equal Rights Commission/Equal Employment Opportunity Commission Charge Number 34B-2018-00122 ; FEPA Charge Number 0202180090L) are premised and are, therefore preserved, not released or waived by this Agreement.

3. **Attorney's Fees and Costs**. If any party has to initiate any litigation or other proceeding in order to enforce this Agreement or the duties of the parties in relation thereto, the prevailing party shall be awarded, in addition to any other relief to which it is entitled, its reasonable attorneys' fees and costs.

4. **No Admission of Wrongdoing**. This Agreement is the compromise of disputed claims and is not to be construed as an admission of liability on part of the City. By entering into this Agreement, the City shall not be deemed to admit any of the following: (i) any liability for any claims, causes of action, or demands with respect to the Action, (ii) any wrongdoing or fault; or (iii) any violation of any law, precedent, rule, regulation, or statute. Further, nothing contained in this Agreement may be construed as an admission against the interest of the City. Neither this Agreement nor the settlement negotiations leading up to this Agreement may be introduced into evidence in any proceeding by any person or entity, nor used in support of or for the prosecution of any cause of action against any Party to this Agreement, except for the limited purpose of enforcing the settlement and/or releases in accordance with the terms of this Agreement.

5. **Representations and Warranties**. The Parties, by and through their authorized agent and representatives, hereby represent and warrant that they are the owner of their respective claims and defenses being released pursuant to this Agreement. Each of the Parties to this Agreement further represent and warrant that they have not previously assigned, transferred, hypothecated, or purported to assign, transfer, or hypothecate any of their respective claims or defenses, rights, privileges, or portions thereof (including without limitation any rights, claims, and/or defenses arising from or pertaining to the Action), to another person or entity that is not a party to this Agreement.

6. **Cooperation**. The Parties to this Agreement agree to cooperate in ensuring the enforceability and finality of this Agreement and to execute all further and additional documents as shall be reasonable and necessary, to carry out the provisions of this Agreement. The Parties to this Agreement hereby acknowledge and agree that this Agreement has been fully and fairly negotiated and is not collusive, has been entered into in good faith, and that the terms of the Agreement are fair, adequate, and reasonable.

7. **Construction**. This Agreement has been fully negotiated at arm's length and jointly drafted between the Parties with advice by counsel chosen by the Parties to this Agreement. It is therefore the intent of the Parties that the language of all parts of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party hereto. The recitals to this Agreement are fully incorporated into this Agreement by reference and are to be given full effect and force. The titles to the paragraphs of this Agreement are, however, solely for the convenience of the Parties to the Agreement and shall not be used to explain, modify, simplify, or aid in the interpretation of the provisions of this Agreement. Wherever the context in this Agreement so requires, the masculine gender includes the feminine or neuter, and vice-versa; and the singular number includes the plural, and vice-versa. The terms "herein," "hereof," "hereto," "hereunder," and other compounds of the word "here" shall refer to the entire Agreement and not just to any of its particular provisions.

8. **Binding on Successors and Assigns**. All covenants, agreements, terms, and provisions of this Agreement shall be binding upon and inure, jointly and severally, to the benefit of the respective successors, beneficiaries, heirs, and assigns of the Parties to this Agreement.

9. **Execution and Counterparts**. This Agreement may be executed in counterparts, and each such counterpart and any copy or facsimile thereof shall, for all purposes, be deemed to be an original. Each of the counterparts taken together shall constitute one valid binding agreement between and among the Parties to this Agreement.

10. **Entire Agreement**. This Agreement constitutes the entire agreement and understanding between and among the Parties to this Agreement with respect to the subject matter herein and is fully integrated with and merged into, and supersedes and replaces, any and all prior agreements and understandings, whether oral or written, between and among them with respect to such matters.

11. **Modification**. This Agreement may be modified only by a written document signed by all of the Parties to this Agreement.

12. **Governing Law and Forum Selection**. The Parties to this Agreement acknowledge and agree that this Agreement shall be governed by, and interpreted and construed in accordance with, the substantive laws of the State of Nevada, without regard to that State's provisions, rules, and principles relating to conflicts of law. The Parties to this Agreement further acknowledge and agree that venue for any legal proceeding involving disputes arising out of this Agreement shall lie in the courts (whether State or Federal) having competent jurisdiction sitting in Clark County, Nevada.

13. **Authority to Execute and Bind**. Each of the individuals physically signing and executing this Agreement hereby represents and warrants that they have actual authority to sign this Agreement and to bind to this Agreement to the Parties for whom or which they are signing.

14. **No Duress**. The Parties each warrant and acknowledge that in executing this Agreement, they have not been subject to and are without any form of duress or coercion.

15. **Severability**. If any provisions of this Agreement or the application thereof to any person or circumstance shall be deemed to be invalid, illegal, or unenforceable to any extent, the remainder of this Agreement and the application thereof shall not be affected and shall be enforceable to the fullest extent permitted by law.

16. **No Promises, Inducements or other Agreements Made**. THE PARTIES TO THIS AGREEMENT ACKNOWLEDGE, DECLARE, REPRESENT, AND AGREE THAT NO PROMISES, INDUCEMENTS, OR OTHER AGREEMENTS NOT PROVIDED EXPRESSLY IN THIS AGREEMENT HAVE BEEN MADE. THE PARTIES FURTHER ACKNOWLEDGE, DECLARE, REPRESENT, AND AGREE THAT THEY HAVE NOT BEEN INFLUENCED TO ANY EXTENT WHATSOEVER IN SIGNING THIS AGREEMENT, NOR HAVE THEY RELIED UPON ANY REPRESENTATIONS, STATEMENTS, PROMISES, OR INDUCEMENTS REGARDING OR RELATING TO THEIR CLAIMS (INCLUDING

COUNTERCLAIMS), CAUSES OF ACTION, DEMANDS, THE ACTION, AND/OR THE TERMS AND CONDITIONS OF THE AGREEMENT, MADE BY ANY OTHER PARTY, OR ANY PERSON(S) OR ENTITY(IES) ACTING FOR OR ON THE BEHALF OF SUCH OTHER PARTY, OR BY SUCH OTHER PARTY'S REPRESENTATIVES (INCLUDING ATTORNEYS), OR ANY OTHER AGENT EMPLOYED BY SUCH OTHER PARTY. THE PARTIES SHALL RELEASE AND HOLD HARMLESS SUCH OTHER PARTY, ANY PERSON(S) AND ENTITY(IES) ACTING FOR OR ON THE BEHALF OF SUCH OTHER PARTY, AND SUCH OTHER PARTY'S REPRESENTATIVES (INCLUDING ATTORNEYS), FOR ANY SUCH ALLEGED REPRESENTATIONS, STATEMENTS, PROMISES, AND/OR INDUCEMENTS.

**IN WITNESS WHEREOF**, Scheumann has executed this Agreement and has affixed his signature hereto as of the date set forth in the Preamble hereof:

City of Las Vegas,
a political subdivision

By: _____

Print Name: Scott D. Adams

Title:   City Manager

Eric Scheumann,
an individual

By: _____

Print Name: Eric Scheumann


Approved as to form and content:

LAS VEGAS CITY ATTORNEY

_____
JACK O. ESLINGER
Deputy City Attorney
Nevada Bar No. 8443
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
Attorney for City of Las Vegas

Approved as to form and content:

KEMP & KEMP

_____
VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
Attorney for Plaintiff

5

# EXHIBIT 2

# PROPOSED ORDER

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC SCHEUMANN, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No.: 2:18-cv-01772-JCM-NJK<br><br>**[PROPOSED] ORDER GRANTING STIPULATION/JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

PURSUANT TO THE PARTIES' STIPULATION AND JOINT MOTION FOR APPROVAL OF SETTLEMENT, having reviewed the pleadings and papers on file in this action, and having considered the parties' arguments, the Court makes the following findings, and with good cause appearing, makes the following orders:

1. All parties have signed the Settlement Agreement.

2. The Court has read the parties' Settlement Agreement in its entirety, and finds that the parties' Settlement Agreement is fair, reasonable, and adequate.

3. The Court hereby approves the Settlement Agreement. The content of the Settlement Agreement is expressly adopted and incorporated by reference in this Order. The parties are directed to implement and consummate the Settlement Agreement in accordance with its terms.

4. The Court will retain exclusive and continuing jurisdiction to enforce the Settlement Agreement.

5. This case shall remain open until all the conditions set forth in the Settlement Agreement are satisfied, namely that a full payment of the Gross Settlement Amount has been tendered.

6. Upon satisfaction of all the conditions set forth in the Settlement Agreement, the parties shall submit a joint Proposed Final Judgment requesting that these cases be closed, and all the claims be dismissed with prejudice.

**IT IS SO ORDERED.**

**Dated: _____**

_____
UNITED STATES DISTRICT COURT JUDGE
JAMES C. MAHAN